IN THE SUPREME COURT OF THE STATE OF DELAWARE

COREY BOWERS, § §
§
Defendant Below, § No. 209, 2025
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1204010456 (N)
§
Appellee. §

Submitted: July 15, 2025
Decided: August 18, 2025

Before **VALIHURA**, **TRAYNOR**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Corey Bowers, filed this appeal from a Superior Court order denying his motion for sentence modification. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Bowers' opening brief that the appeal is without merit. We agree and affirm.

(2) In 2013, a jury found Bowers guilty of first-degree carjacking, first-degree robbery, two counts of aggravated act of intimidation, two counts of terroristic threatening, and two counts of misuse of prison mail. The Superior Court

sentenced Bowers to fifty years of Level V incarceration, suspended after sixteen years for decreasing levels of supervision. On direct appeal, this Court affirmed Bowers' convictions.[1] Since his convictions, Bowers has filed multiple motions for sentence modification under Superior Court Criminal Rule 35(b) and postconviction relief under Superior Court Criminal Rule 61.[2]

(3) On March 12, 2025, Bowers filed another motion for sentence modification. He sought reduction of his remaining Level V time to Level IV time. The Superior Court denied the motion, finding it repetitive. This appeal followed.

(4) We review the Superior Court's denial of a motion for sentence reduction for abuse of discretion.[3] To the extent the claim involves a question of law, we review the claim *de novo*.[4] Superior Court Criminal Rule 35(b) provides that a motion for sentence reduction that is not filed within ninety days of sentencing will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217. Rule 35(b) also provides that the Superior Court will not consider repetitive motions for sentence reduction.

---

[1] *Bowers v. State*, 2014 WL 2094133 (Del. May 16, 2014).
[2] *See, e.g., Bowers v. State*, 2025 WL 687036, at *1 (Del. Mar. 3, 2025) (dismissing Bowers' untimely appeal of the Superior Court's denial of his motion for sentence modification); *Bowers v. State*, 2024 WL 4195158, at *1 (Del. Sept. 13, 2024) (dismissing Bowers' untimely appeal of the Superior Court's denial of his motion for sentence review); *Bowers v. State*, 2018 WL 921641, at *1 (Del. 15, 2018) (affirming the Superior Court's denial of Bowers' first motion for postconviction relief under Superior Court Criminal Rule 61)
[3] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[4] *Id.*

(5)	In his opening brief, Bowers argues that his motion for sentence modification was not untimely or repetitive. He is mistaken. Bowers correctly notes that the first motion for sentence modification he filed in October 2013 was timely, but he filed his latest motion for sentence modification in March 2025, more than a decade after his sentencing. Bowers did not identify extraordinary circumstances warranting review of his untimely motion. Bowers has also filed multiple motions for sentence modification, making his latest motion repetitive. The Superior Court did not err in denying Bowers' untimely and repetitive motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

3